UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LARRY MULLNE,

        Plaintiff,

vs.

BOCA DETOX CENTER, LLC,
a Florida corporation,

        Defendant.
_____/

# **COMPLAINT**

Plaintiff, LARRY MULLNE, by and through the undersigned counsel, sues the Defendant, BOCA DETOX CENTER, LLC, and alleges as follows:

1. Plaintiff, former employee of the Defendants, bring this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or was committed within this judicial district.

4. At all times material hereto, Plaintiff is/was a resident of this judicial district, a former employee of the Defendant, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. At all times material hereto, Defendant was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

7. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

8. Plaintiff was hired in February of 2016 as a title of Executive Chef and was paid on a salary with no overtime pay.

9. However, the kitchen was not compliant with health regulations so Plaintiff's position consisted of ordering food, going to the store to pick up the food, stocking the food, serving food to the clients, cleaning up afterwards, and other special orders

10. Using this salary, the Plaintiff was working from around 7:30 am to 5:30 pm, mostly 7 days per week, with occasional Sundays off. However, the Plaintiff was receiving no overtime pay for this extra work.

11. Despite repeated requests to the GM of the facility, Michael Rocks, for help, none was provided and Plaintiff was told to "figure it out."

12. In October/November of 2016, the Defendant finally had approval to open the kitchen, and Plaintiff took on the duties of cooking in addition to the other duties.

13. Plaintiff's hours increased from 7:00 am to 5:45 pm, mostly 6 days per week.

14. Plaintiff then notified the CFO, Justin Williams, of his number of hours worked, and that based upon the occupancy of the facility doubling, the kitchen staff needed to expand. Nothing occurred.

15. On January 2, 2017, Plaintiff complained to Justin in detail of his hours worked and understaffing issues.

16. Justin responded that he did not want Plaintiff working those hours and would talk to Michael (the GM) when he returned from vacation.

17. The very next day, Plaintiff received a check for $2,700 that supposedly was to make up for the year of unpaid overtime.

18. Plaintiff was also told to start tracking his time so overtime could be paid in the future.

19. However, later that night, January 3, 2017, Plaintiff was contacted by Michael and was terminated, with the reason being that they were going in a different direction. Plaintiff did not have any prior discipline history or warnings.

20. Consider that no time records exist, Plaintiff is unable to state at this time the exact amount due.

21. Plaintiff, however, will exert diligent efforts to obtain any such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA - OVERTIME

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 above.

22. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

23. By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA--RETALIATION

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

24. That Plaintiff raised complaints to the Defendant regarding his overtime hours.

25. That, as a result of the Plaintiff's complaint, the Defendant intentionally, willfully and unlawfully retaliated against Plaintiff, in violation of the FLSA.

26. That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's complaints.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for all damages and relief under the FLSA, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Dated: January 30, 2017.	Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701